OVERTON, Judge.
This is an appeal of a Florida Public Service Commission (Commission) order imposing a fine of $7,000 against Commercial Ventures, Inc., for numerous and prolonged violations of Commission rules relating to the service provided by public phones owned by Commercial Ventures and located in a hotel lobby. We have jurisdiction, article V, section 3(b)(2), Florida Constitution, and affirm the Commission’s order.
The relevant facts reflect that commencing in August, 1987, the Commission received complaints concerning seven public telephones in the lobby of the Everglades Hotel, Miami, Florida. These phones were owned by Commercial Ventures as a commercial investment and provided public telephone services under Certificate of Public Convenience and Necessity and subject to the rules published in the Florida Administrative Code. As a result of a complaint received from the hotel about poor pay phone service, the Commission staff investigated the phones and found them to be in violation of its rules. The Commission notified Commercial Ventures of the problems and requested corrective action. Subsequently, Commercial Ventures responded that all deficiencies had been corrected.
The complaints concerning these phones continued. Consequently, the Commission issued an Order Initiating Show Cause Proceedings on April 4, 1988, which required Commercial Ventures to bring the public telephones into compliance with the rules within thirty days and to show cause why it should not be fined $7,000 for previously failing to correct the situation. After the show cause order, the Commission found that the violations still existed, and an evi-dentiary hearing established these violations by substantial, competent evidence. The Commission issued its Order No. 24197, in which it made detailed findings of fact, addressed the legal issues raised by Commercial Ventures, and concluded by imposing a fine of $7,000 for failure to comply with and willful violation of the Commission rules.
Commercial Ventures challenges the order on nine grounds, only two of which merit discussion. In its first point, Commercial Ventures argues that there is a jurisdictional requirement that the statutory words “refused to comply with” or “willfully violated,” included in section 364.285, Florida Statutes (1987), must be present in the Order Initiating Show Cause Proceedings or in the Prehearing Order for it to be valid. The allegations in the Order Initiating Show Cause Proceedings read as follows:
Commercial ■ Ventures, Inc. a certified PATS (telephone company providing pay telephone services) subject to the jurisdiction of this Commission, repeatedly failed to comply with the above-identified rules (Rule 25-24.515(4)(5)(7)(10), Florida Administrative Code). This Commission will not tolerate cavalier disregard of our rules by regulated utilities. Section 364.-285, Florida Statutes, gives this Commission authority to impose a fine of up to $5,000 per day for violation of Commission rules, each day constituting a separate offense.
The Order Initiating Show Cause Proceedings clearly set forth that Commercial Ventures repeatedly failed to comply with the Commission’s rules. Both the statutory authority and the rule were specified in the order. We find that the allegations contained in the order are clearly adequate to give Commercial Ventures full and complete notice of the proceedings and the basis for their authority.
The next issue raised by Commercial Ventures is that, under section 364.185, *49 Florida Statutes (1987), the Commission is required to notify Commercial Ventures prior to inspection, examination, or testing of the telephones. Commercial Ventures claims that this statute requires blanket notification to all pay phone owners prior to any inspection. The relevant portion of section 364.185, Florida Statutes (1987), provides:
The commission or its duly authorized representatives may during all reasonable hours enter upon any premises occupied by any telephone company ... for the purpose of making investigations, inspections, examinations, and tests ... however, the telephone company shall have the right to be notified of and be represented at the making of such investigations, inspections, examinations, and tests.
(Emphasis added.)
The Commission addressed this claim in its order imposing the fine, stating that “[f]or this Commission, which is charged with regulating pay telephone service, to be afforded less access to such telephones than the public at large would be ludicrous.” The Commission also noted that, given the way a pay phone operates, someone using a proper code can dial the pay phone from a remote location and change the functions of the phone without ever going on site. The Commission noted that requiring notice under Commercial Venture’s interpretation would allow a pay phone owner to recode the phone to comply with regulations prior to inspection and recode it back immediately afterwards, thereby thwarting the purpose of the investigation. We agree with the Commission that the statute was clearly not intended to apply to pay telephones in a public lobby of a hotel.
In conclusion, we find that there is substantial and competent evidence in this record supporting the Commission’s findings that Commercial Venture’s pay phones violated Commission rules. The record further demonstrates that Commercial Ventures was afforded full due process and an opportunity to be heard on all issues in this cause.
Accordingly, we affirm the order of the Commission.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.